or near the other end of the row of houses, and there was a gas burner about midway between them upon the other side of the street. There were red lights also displayed within a few feet of the block of stone at the curb." The Court then summed it all up by saying that "whether there was light sufficient to enable one exercising ordinary care to see where he was going, or warnings sufficient in the red lights at the curb to attract his attention," were questions entirely for the jury.

In *Yuhasz v. Pitt Construction Co.*, 305 Pa. 166, we clearly laid down the standard of care required where streets have been made dangerous because of excavations: "In our opinion the record presents no reversible error. It was the defendant's duty to guard the trench by reasonable barriers. Considering the nature of the excavation, its proximity to where pedestrians are compelled to walk, the amount of travel there and all the circumstances, whether it performed that duty was for the jury."

Judgment affirmed.

Marble, Appellant, *v.* Marble.

Argued October 7, 1954. Before STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

242

*Ralph H. Smith, Jr.,* with him *Smith & Weaver,* for appellant.

*John A. Metz, Jr.,* with him *Jacob Shulgold,* and *Metz, McClure, Hanna & MacAlister,* for appellee.

OPINION PER CURIAM, November 8, 1954:
The order of the court below is affirmed on the able opinion of Judge SOFFEL.

Zanko, Admr., Appellant, *v.* Semmel.